ALD-264                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2870
_____

IN RE:  TORMU E. PRALL,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3-11-cv-06355)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 19, 2014

Before: RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 1, 2014)
_____

OPINION
_____

PER CURIAM

Tormu E. Prall petitions for a writ of mandamus to compel the United States

District Court for the District of New Jersey to act in the proceedings on his petition for a

writ of habeas corpus.  In his habeas petition, Prall challenged his 2008 conviction of

aggravated assault and related charges.  The respondents argued in their answer that Prall

has failed to his exhaust his state court remedies.  The District Court found this assertion

to be supported by the record, and on May 7, 2014, ordered Prall to show cause as to why

the habeas petition should not be dismissed without prejudice. Prall responded to the order on May 29, 2014, and he filed the instant petition on May 30, 2014. He asserts that his sentence is due to expire in November 2015, and contends that mandamus relief is warranted because his sentence is likely to expire before the District Court can act. He further argues that the May 7, 2014 order and the April 29, 2014 opinion accompanying it constitute an unjustified delay of the proceedings. For the reasons that follow, we will deny the petition.

Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). It is well-settled that the manner in which a district court disposes of the cases on its docket is committed to its sound discretion. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Mandamus may be warranted, however, when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79 (stating that a five-month delay from the date the habeas petition was filed, and a three-month delay from the most recent motion filed, was a matter "of concern," though not yet a denial of due process).

Prall's petition fails to establish a right to a writ of mandamus, as no undue delay has taken place. A substantial amount of docket activity has taken place since Prall filed

2

his habeas petition in October 2011, as the District Court has addressed Prall's many motions and any responses thereto. Prall waited one day after submitting his response to the order to show cause before filing his mandamus petition. We do not have reason to believe that there will be delay going forward, particularly in light of the recent activity in the matter. Accordingly, nothing "tantamount to a failure to exercise jurisdiction" has taken place. Id. To the extent Prall challenges the propriety of the District Court's decision regarding exhaustion, mandamus cannot serve as substitute for an appeal. See id. at 77. We will therefore deny the petition.[1]

---

[1] This is Prall's fourth mandamus petition seeking to compel the District Court to rule on his petition for a writ of habeas corpus. We denied the prior three petitions. See In re Prall, C.A. No. 12-1046 (order entered on Feb. 7, 2012); In re Prall, C.A. No. 12-2478 (order entered on Aug. 27, 2012); In re Prall, C.A. No. 13-2459 (order entered on June 18, 2013). To the extent Prall requests expedited consideration of the current mandamus petition, his request is denied.